

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-14-00253-CV

**IN THE INTEREST OF M.M.**, a Child

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-PA-00921
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  July 2, 2014

AFFIRMED

A.H. appeals the trial court's order terminating her parental rights to her daughter, M.M. The sole issue raised on appeal is a challenge to the sufficiency of the evidence to support the trial court's finding that termination of A.H.'s parental rights was in M.M.'s best interest.  We affirm the trial court's order.

<h2 style="text-align:center">BACKGROUND</h2>

M.M. was born in June of 2012, and was placed with her maternal aunt in December of 2012, while the Texas Department of Family and Protective Services attempted to work with A.H. in Family Based Safety Services.  A few months later, the Department discovered that A.H. was dating T.G., a known gang member and drug user who supplied A.H. with drugs.  A.H. denied the relationship.  The Department further discovered that A.H. had been accompanied to a parenting

session by a male who was "shooting up" in the bathroom during the session. In March of 2013, A.H. tested positive for marijuana, and she and T.G. were subsequently arrested together on March 30, 2013. A.H. was charged with resisting arrest and possession of illegal drugs. The Department filed its petition seeking termination of A.H.'s parental rights on April 16, 2013.

## STANDARD OF REVIEW

To terminate parental rights pursuant to section 161.001 of the Family Code, the Department has the burden to prove: (1) one of the predicate grounds in subsection 161.001(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001(1), (2) (West 2014); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). The applicable burden of proof is the clear and convincing standard. TEX. FAM. CODE ANN. § 161.206(a) (West 2014); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2014).

In reviewing the legal sufficiency of the evidence to support the termination of parental rights, the court must "look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d at 266. "[A] reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *Id.* "A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *Id.*

In reviewing the factual sufficiency of the evidence to support the termination of parental rights, a court "must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing." *Id.* "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a

factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.*

## PREDICATE FINDINGS

A.H. does not challenge the sufficiency of the evidence to support the predicate findings, which included findings that A.H. had:

> (1) constructively abandoned [M.M.] who ha[d] been in the permanent or temporary managing conservatorship of the [Department] for not less than six months and: (1) the [Department] ha[d] made reasonable efforts to return [M.M.] to [A.H.]; (2) [A.H.] ha[d] not regularly visited or maintained significant contact with [M.M.]; and (3) [A.H.] ha[d] demonstrated an inability to provide [M.M.] with a safe environment; and

> (2) failed to comply with the provisions of a court order that specifically established the actions necessary for [A.H.] to obtain the return of [M.M.] who ha[d] been in the permanent or temporary managing conservatorship of the [Department] for not less than nine months as a result of [her] removal from [A.H.]

## BEST INTEREST FINDING

A.H. contests the trial court's finding that terminating her parental rights is in M.M.'s best interest. In reviewing the sufficiency of the evidence to support the best interest finding, we apply the factors set out in *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Those factors include: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody for the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* The foregoing factors are not exhaustive, and "[t]he absence of evidence about some of [the factors] would not preclude

a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002).

A bench trial on the merits of the underlying cause was held on March 6, 2014. After the conclusion of the trial, the trial court entered extensive findings of fact and conclusions of law. A.H. does not specifically challenge the sufficiency of the evidence to support the trial court's findings of fact in this appeal.

M.M. has resided with her maternal aunt in a relative placement since December of 2012, when she was five months old. M.M. is very bonded to her maternal aunt, who wants to adopt her. M.M. identifies her maternal aunt as her mother and also is very bonded to her maternal aunt's children.

A.H. has visited with M.M. only twice since the Department filed its petition. Those visits were arranged by M.M.'s maternal aunt while A.H. was in jail. M.M. has not had any contact with A.H. since July of 2013.

While the Department attempted to coordinate services with A.H., she tested positive for marijuana and was arrested. After her arrest in March of 2013, A.H. was incarcerated and subsequently placed in a Substance Abuse Felony Punishment Program. While in jail, money was placed in A.H.'s account to enable her to call and check on M.M; however, A.H. never called to check on M.M. At the time of trial, A.H. had been living in a half-way house for two months and would not be released until May of 2014. A.H. did not request any visits with M.M. after being placed at the half-way house, but she did attempt to contact T.G.

At the time of trial, A.H. had not completed her service plan. The caseworker for the Department testified that termination of A.H.'s parental rights was in M.M.'s best interest because A.H. had "not shown that she could put [M.M.'s] needs ahead of hers."

Based on the foregoing evidence, the trial court could have formed a firm belief or conviction that it was in M.M.'s best interest that A.H.'s parental rights be terminated.

## CONCLUSION

The order of the trial court is affirmed.

Catherine Stone, Chief Justice